## EL PUEBLO *v.* MARTÍNEZ.

### APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 117.—Resuelto en noviembre 27, 1907.

ACUSACIÓN—SEDUCCIÓN—CARÁCTER—REPUTACIÓN.—La frase *hasta entonces reputada por pura,* usada en el texto español del artículo 261 del Código Penal, equivale substancialmente á la frase *of previous chaste character* que se emplea en el texto inglés, pues la palabra *pura* significa *casta (chaste),* especialmente si se usa en acusaciones por seducción, y el concepto de la palabra *reputación (reputation),* á los efectos del artículo 261 citado, es equivalente al de la palabra *carácter (character).*

ID.—NUEVO JUICIO—VEREDICTO CONTRARIO Á DERECHO Y Á LAS PRUEBAS—PRUEBAS—PROMESA DE MATRIMONIO.—A los efectos de una acusación por seducción, no afecta en modo alguno la circunstancia de que el acusado, en la época en que cometiera el delito, estuviera comprometido para contraer matrimonio con otra mujer; si se prueba que la denunciante tenía conocimiento de este hecho, ello puede arrojar alguna duda con respecto á si la seducción tuvo lugar, por virtud de una promesa de matrimonio; pero la apreciación de aquel hecho es de la competencia del jurado. La existencia de tal compromiso y el conocimiento de que él tuviera la denunciante son hechos completamente inmateriales en los casos de seducción, y no pueden constituir motivo para decretar un nuevo juicio.

ID.—CORROBORACIÓN DEL TESTIMONIO DE LA DENUNCIANTE.—En los casos de seducción, si el jurado da crédito á la declaración de la mujer seducida, el acusado puede ser convicto con esa sola declaración, sin necesidad de que esté corroborado con alguna otra prueba.

ID.—ESTADO DE LA DENUNCIANTE.—Como toda mujer nace soltera, la ley presume que ese es su estado, mientras no se demuestre lo contrario; si la mujer es casada, la prueba de este extremo corresponde al acusado.

ID.—CASTIDAD.—En las causas por seducción la prueba de que la mujer seducida era pura ó casta, corresponde al Fiscal.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

En el presente caso el apelante fué procesado y declarado culpable de haber seducido, bajo promesa de matrimonio, á la joven Angela Collazo. Se formuló acusación contra él en 30 de julio 1906, siendo declarado culpable en 22 de enero, 1907, y condenado á pagar una multa de mil dollars, quedando en prisión hasta que la misma fuera satisfecha, no pudiendo exceder dicha prisión de un año. También se ordenó que el acusado pagara las costas. Interpuso apelación contra la sentencia dictada por la corte, la orden denegando el nuevo juicio, y contra la orden desestimando la moción de sobreseimiento.

Las alegaciones que se hicieron en la moción para nuevo juicio y en las cuales estaba basada la referida moción, fueron las de que el veredicto era contrario á la ley y á la prueba, y que la corte cometió error al instruir al jurado.

La moción por la que se solicitaba el sobreseimiento de la causa estaba basada en cierto supuesto defecto de la acusación.

La apelación interpuesta contra la sentencia comprende las otras dos alegaciones y todas serán consideradas conjuntamente. No se presentó informe oral, ni por escrito, ante este tribunal, en favor del acusado.

Examinemos la acusación, omitiendo el encabezamiento ordinario; es como sigue:

"En la Corte de Distrito de Ponce, á 30 de julio de mil novecientos seis.—El fiscal formula acusación contra Gerardo Martínez como autor de un delito grave de seducción, previsto y penado en el artículo 261 del Código Penal, cometido como sigue: En una casa sita en el camino de la Playa de la ciudad de Ponce, distrito judicial del mismo nombre, y en la primer semana del mes de mayo del corriente año 1906, el acusado Gerardo Martínez, que sostenía relaciones

amorosas con Angela Collazo, mujer soltera, hasta entonces reputada por pura, la sedujo, con promesa de matrimonio, y tuvo con ella actos carnales, disfrutando de su virginidad. Esto hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico.''

Alega el abogado del acusado que esta acusación no imputa á dicho acusado ningún delito público, porque la misma no contiene una exposición de todos los elementos que constituyen el delito de seducción, puesto que, en efecto, en ella se alega que la mujer perjudicada ''estaba reputada como pura hasta entonces,'' pero no se dice que ella fuera una mujer ''de anterior carácter casto;'' de modo que esta excepción hecha á la acusación, descansa sobre el punto de si la traducción española se ajusta ó nó al original inglés. La palabra ''pura'' significa ''casta,'' especialmente cuando se usa en casos como el que ha sido usada en la acusación.

La traducción literal de las palabras españolas ''hasta entonces reputada como pura'' es ''up to that time reputed to be chaste.'' Esto presenta la cuestión de la diferencia entre las palabras ''carácter'' y ''reputación.'' El gran lexicógrafo Webster, dice:

''Convendría que se usaran distintivamente las palabras *carácter y reputación*. En verdad, el carácter es la persona misma; reputación es lo que se supone que sea. El carácter está en sí mismo, la reputación pertenece al juicio de los demás.''

(Diccionario Internacional de Webster, p. 240.)

La misma autoridad dice que la palabra ''reputación'' en derecho significa ''el carácter que se la atribuye á una persona en la comunidad en que vive.'' (En el mismo libro, p. 1222.) De modo que aparece claramente que, en todo aquello que concierne á esta sección de nuestra ley criminal, el carácter y la reputación son términos equivalentes; y las palabras Españolas é Inglesas usadas allí están de acuerdo en substancia. A

esta acusación no puede hacerse tal excepción y la misma es suficiente. La moción sobre sobreseimiento fué debidamente desestimada.

La moción hecha para un nuevo juicio por el fundamento de que el veredicto del jurado era contrario á la ley, y la prueba, está en efecto, fundada en las siguientes razones:

"(a) Porque la ofendida sabía desde el principio de sus relaciones con el acusado que él estaba comprometido para casarse con otra joven.

"(b) Porque de la carta de fecha 17 de abril de 1906, dirigida por la perjudicada al acusado, aparece que sostenía relaciones amorosas con él, sin consideración á ninguna promesa de matrimonio por parte de éste.

"(c) Porque la sola declaración de la perjudicada es insuficiente para demostrar su virginidad ó pureza, teniendo en cuenta la falsedad en que ha incurrido al declarar que nunca había escrito al acusado respecto á las relaciones de éste con otra joven, de acuerdo con la doctrina de que un testigo falso en un extremo no merece crédito en cuanto á los demás.

"(d) Porque no existe prueba de la soltería de la perjudicada."

Con respecto á la primera proposición indicada anteriormente por la letra (a), podemos decir que no interesa á la cuestión en manera alguna el hecho de que el acusado estuviera comprometido para casarse con otra mujer en la época en que se cometió este delito. Los hombres, á veces, y las mujeres también, probablemente, tienen dos ó tres compromisos de esta clase pendientes al mismo tiempo. Desde luego, que esto no es correcto, y el hombre "debe haber terminado con los antiguos amores antes de emprender otros," pero ahora y entonces, él prefiere tener "dos cuerdas en su arco." La única ventaja que este hecho, si se probara, podría reportar al acusado, sería la de producir la duda de si el acto carnal había sido consumado "bajo promesa de matrimonio," si la mujer tuviere conocimiento del mismo. Si esta duda surgió durante el juicio, ella fué resuelta por el jurado en contra del

acusado. Podía el jurado resolverla y no vemos razón alguna para intervenir en esa resolución. Según muy bien se ha dicho por el Fiscal, al hacer su informe ante este Tribunal.

"Pero aún admitiendo que Angela Collazo tuviera conocimiens de ese estado de cosas, es necesario reconocer que en nada alteraban el valor de la promesa de matrimonio que le había hecho el acusado, porque una mujer, aun cuando acepte que su amante mantiene relaciones con otra distinta, siempre cree y confía que ella ha de ser la preferida y que las promesas que á ella le hacen, han de serle cumplidas con preferencia á toda otra consideración."

El compromiso anterior para casarse con otra mujer y el conocimiento del mismo por parte de Angela Collazo, son hechos completamente inmateriales para el juicio de esta causa.

Con referencia á la proposición designada por la letra (*b*), debemos decir que la carta que se supone haber sido escrita por la ofendida, en 17 de abril, 1906, no muestra que estas relaciones amorosas se sostenían y que se cometiera el acto criminal sin tener en consideración ninguna promesa de matrimonio. Aunque, por lo general, es difícil saber la significación verdadera del contenido de las cartas amorosas, sin embargo, se verá claramente por una lectura detenida de esta carta, que esta joven estaba grandemente enamorada del hombre de su predilección, y, aunque atormentada por las dudas que tenía de' su fidelidad, no había perdido la creencia que tenía en sus promesas de matrimonio, no viéndose por dicha carta, en manera alguna, determinación por parte de ella de perder su reputación y entregarse en cuerpo y alma á su seductor, sin tener en cuenta las consecuencias que por ello se ocasionarían. No podemos dar tal interpretación á esta tierna carta.

Al examinar la proposición designada por la letra (*c*), debemos empezar diciendo que el antiguo lema, *Falsus in uno falsus in omnibus,* no puede ser aplicado tan estrictamente como se trata de hacer, á favor del acusado, con respecto á la declaración de la joven que se dice haber sido seducida por él.

*La Santísima Trinidad,* 20 U. S., 339. Podríamos aplicar más propiamente aquella sección de nuestra ley de evidencia, que dice:

"La evidencia directa de un testigo que merezca entero crédito, es prueba suficiente de cualquier hecho, salvo perjurio ó traición."
(Sec. 18, Ley de Evidencia; Leyes de 1905, p. 6.)

El abogado del acusado cree que la sección 250 del Código de Enjuiciamiento Criminal es aplicable á este caso. No tiene aplicación. En él no se menciona el delito de seducción. El estatuto no exige corroboración alguna de la declaración de la persona seducida; y si el jurado cree que ella dijo la verdad, puede basarse en dicha declaración una convicción, aunque la misma no esté corroborada por otra prueba. Además, en cuanto á lo que se refiere á haberse hecho la promesa de matrimonio con anterioridad al acto carnal, su testimonio está ampliamente sostenido por la declaración de su hermana Flora Collazo. Pero hemos tratado este punto en el caso de Salustiano Rodríguez, resuelto por este tribunal en 29 de junio, 1906. También los siguientes casos: *El Pueblo* v. *Santos,* fallado en 28 abril, 1905; *El Pueblo* v. *Durán,* fallado en 17 de junio, 1905, y *El Pueblo* v. *Córdoba,* fallado en 6 noviembre, 1905.

En lo que concierne á la proposición designada por la letra (*d*), podemos decir que todas las mujeres nacen solteras y la ley presume que ese estado, una vez establecido, continúa igual hasta tanto que se presente prueba, respecto á algún cambio del mismo. Por consiguiente, si la mujer perjudicada era casada, incumbía al acusado probar eso. Pero todas las circunstancias prueban el estado de soltería de la perjudicada. Tenía solamente diez y siete años de edad, vivía con su tía, asistía á la escuela, y siempre que salía á la retreta le acompañaba su hermana, siendo considerada como joven soltera en todas las ocasiones. No hay nada en esta alegación en que pueda basarse un nuevo juicio.

Pero encontramos que la moción se basaba también en que la corte había instruído erróneamente al Jurado en cuanto á los puntos siguientes;

"1º. Que la ley presume á la mujer casta.

"2º. Que no se requiere prueba de la soltería de la perjudicada."

Hemos virtualmente terminado con el supuesto segundo error, en la discusión anterior. Si la presunción mencionada por la corte no prevaleció, había suficiente prueba aportada al juicio para demostrar el estado de soltería de la ofendida. Así, pues, aun cuando la instrucción fuera errónea en este punto, el error no era perjudicial; y, por consiguiente, no podía pedirse la revocación de la sentencia.

(Leyes de 1904, p. 10, Ley de 10 de marzo, 1904.)

En cuanto á la afirmación de que la instrucción dada por el juez al jurado sobre la castidad de la mujer, es errónea, es necesario decir que no ha habido tal error en esa afirmación, á juzgar por los términos de la instrucción misma, y aun cuando tal error haya existido, fué rectificado inmediatamente por el mismo juez, cuando dijo que el fiscal tiene la obligación ó el deber de demostrar ese hecho de la castidad al jurado, de una manera positiva.

Habiendo encontrado que ninguna de las objeciones hechas por el abogado del acusado proceden, y no apareciendo de los autos error substancial alguno, debemos confirmar la sentencia.

*Confirmada.*

Jueces concurrentes Sres. Presidente Quiñones y Asociados, Hernández y Wolf.

El Juez Asociado Sr. Figueras, no intervino en la resolución de este caso.